UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EVERTON HIBBERT, 00B2384,

            Petitioner,

    -v-

JOHN LEMPKE,
Superintendent of Wende Correctional Facility,

            Respondent.

_____

DECISION AND ORDER
14-CV-6424CJS

      The petitioner, Everton Hibbert, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his resentencing in Monroe County Court, State of New York, on August 29, 2011 was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has paid the filing fee.

      Section 2254(b)(1)(A) of 28 U.S.C. requires a petitioner for habeas corpus relief to first exhaust his state court remedies with respect to each of the grounds raised in the petition. The information petitioner has submitted is inadequate to permit the Court to evaluate whether or not he has met that requirement. Specifically, it appears that petitioner has not exhausted the one claim he has raised, his allegation that New York State Penal Law § 70.85 violates the Due Process Clause and the Ex Post Facto Clause of the United States Constitution.

      If petitioner has in fact included in this petition any claims which have not been exhausted, petitioner has four options.

**First**, petitioner may choose to file an amended petition which raises **only** those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's consideration all grounds for which such remedies have not been exhausted. The effect of such withdrawal may be that petitioner will **not** be permitted to raise the withdrawn grounds in a second or successive habeas petition, see 28 U.S.C. § 2244(b). If petitioner chooses to amend his petition, the amended petition must be filed with the Clerk of the Court by **September 15, 2014**.

**Second**, petitioner may choose to withdraw the entire petition herein to permit him time to exhaust all of the claims. If petitioner chooses that option, petitioner may then raise the claims in another petition, which will not be considered a second petition for purposes of § 2244(b) and therefore will not be foreclosed by the second or successive petition requirements of the statute.[1] Petitioner is advised that the applicable statute of limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

**Third**, petitioner may ask to stay this petition in order to permit him to exhaust his state court remedies with respect to one or more of his claims for habeas relief. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. June 14, 2001). If this petition is a mixed habeas petition containing both exhausted

---

[1] The United States Supreme Court has determined, in *Duncan v. Walker*, 533 U.S. 167 (2001), that an application for federal habeas corpus review is <u>not</u> an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is <u>not</u> tolled during the pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was <u>not</u> tolled for habeas statute of limitations reasons during the pendency of the petition herein.

and unexhausted claims, the Court may only deny the petition. 28 U.S.C. § 2254(b)(2). In addition, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations because this petition may have been filed too near the end of the limitations period. 28 U.S.C. § 2244(d)(1). If petitioner were to seek and be granted a stay, the Court would dismiss the unexhausted claims and condition the stay on petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust.

**Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c), will be applicable to petitioner's request to amend the petition to include the dismissed unexhausted claims in the petition again when they are exhausted.** *See* Zarvela, 253 F.3d at 383.

**Fourth**, if petitioner has unexhausted claims which petitioner may no longer exhaust because of procedural bars, petitioner should provide the Court with the detailed information requested in the attached § 2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim. If petitioner chooses this option, and if the Court finds that the cause and prejudice is legally sufficient, the claim will be deemed exhausted and the petition determined on the merits. **Petitioner is cautioned, however, that if he chooses this option and the cause and prejudice is not found legally sufficient, the Court may dismiss the petition and all the grounds therein with prejudice, thereby foreclosing petitioner from raising the grounds in a second or successive petition.** If petitioner chooses this option, the information

3

must be set forth on the attached Petitioner's § 2254 Exhaustion Response Form and filed with the Clerk of the Court by **September 15, 2014**.

**Failure to comply with one of the four above options by September 15, 2014 will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.** Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition. Moreover, regardless of the option chosen, the Court must still evaluate the petition or amended petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

The Clerk of the Court is directed to send petitioner the § 2254 Exhaustion Response Form, together with a copy of his original petition and a form for filing a § 2254 petition for his use should he decide to file an amended petition withdrawing the unexhausted claims.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: August 7, 2014
Rochester, New York