UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EVERTON HIBBERT,

                   Petitioner,

-vs-

JOHN LEMPKE, Superintendent of
the Wende Correctional
Facility,

                   Respondent.

**DECISION AND ORDER**
**No. 6:14-cv-06424-MAT**

## I. Introduction

Proceeding pro se, Everton Hibbert ("Petitioner") filed a petition (Dkt #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being unconstitutionally detained in Respondent's custody. Petitioner is incarcerated pursuant to a judgment of conviction entered in New York State Supreme Court, Monroe County (Mark, J.), following his guilty plea to one count of second degree murder (N.Y. Penal Law ("P.L.") § 125.25(1)) and one count of second degree criminal possession of a weapon (P.L. § 265.03 *former* (2)). Petitioner originally was sentenced on October 17, 2000, but subsequently was resentenced pursuant to N.Y. Correction Law ("Corr. Law") § 601-d on August 29, 2011. The judgment of resentencing is the judgment he challenges in the instant habeas proceeding.

## II. Factual Background and Procedural History

The conviction here at issue stems from Petitioner's entry of a guilty plea to charges of second degree murder and second degree criminal possession of a weapon in connection with the shooting death of his estranged girlfriend, Ella Reaves, on March 24, 2000, in the Town of Pittsford, New York. Petitioner was sentenced to an indeterminate term of incarceration of 20 years to life on the murder conviction, along with a concurrent determinate term of 15 years on the weapons-possession conviction. Petitioner filed a Section 2254 petition with regard to underlying convictions, which was denied by this Court (Bianchini, M.J.) on February 16, 2006. Hibbert v. Poole, No. 03-CV-6050 (W.D.N.Y. Feb. 16, 2006). The United States Court of Appeals for the Second Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal. See Dkt #22 (Mandate) in Hibbert v. Poole, No. 03-CV-6050 (W.D.N.Y. Jan. 16, 2007).

Petitioner subsequently sought permission to file a second or successive petition, which the Second Circuit denied. See Dkt #24 (Mandate) in Hibbert v. Poole, No. 03-CV-6050 (W.D.N.Y. Feb. 29, 2008). Petitioner again requested permission to file a second or successive petition, this time based on an alleged new rule of law announced in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which the Second Circuit denied because the Supreme Court had not held that the Padilla rule is retroactive to cases on collateral review. See

Dkt #26 (Mandate) in Hibbert v. Poole, No. 03-CV-6050 (W.D.N.Y. Jan 16, 2013).

Meanwhile, Petitioner was required to be resentenced because the Monroe County Supreme Court (Marks, J.) had failed to advise him that the determinate sentence on the weapons-possession count included a mandatory term of post-release supervision ("PRS") as required by P.L. § 70.45. This error was brought to the attention of the Monroe County Supreme Court (Valentino, J.) pursuant to Corr. Law § 601-d. With the consent of the Monroe County District Attorney's Office, Petitioner was resentenced on August 29, 2011, pursuant to P.L. § 70.85, to the bargained-for (and previously imposed) determinate term of 15 years of imprisonment, without any term of PRS. This sentence again was set to run concurrently with the indeterminate term of imprisonment imposed on the murder count. Defense counsel argued that "even though it may not functionally change his sentence, we would regard it as an alteration of the negotiated deal, [and] he would seek to withdraw his plea. He does seek to withdraw his plea on independent grounds, [i.e., a] violation of [Padilla v. Kentucky, supra]." Resentencing Transcript at 4-5.[1]

---

[1]

Petitioner relied on People v. Catu, 4 N.Y.3d 242 (2005), in which the New York Court of Appeals held that when the sentencing court does not inform a defendant who pleads guilty of a mandatory term of PRS attached to his sentence, the plea cannot represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," and the defendant has a right to vacate the involuntary plea. Catu, 4 N.Y.3d at 245.

Petitioner then appealed his resentencing to the Appellate Division, Fourth Department, of New York State Supreme Court, which unanimously affirmed the judgment. People v. Hibbert, 114 A.D.3d 1134 (4th Dep't 2014). Leave to appeal to the New York Court of Appeals was denied on February 7, 2014. People v. Hibbert, 23 N.Y.3d 963 (2014).

Petitioner filed another motion for leave to file a successive 28 U.S.C. § 2254 petition in the Second Circuit, which that court denied as unnecessary on July 1, 2014. See Dkt #28 (Mandate) in Hibbert v. Poole, No. 03-CV-6050 (W.D.N.Y. Aug. 28, 2014). The Second Circuit observed that "[a]lthough Petitioner previously filed a § 2254 petition challenging his 2000 conviction and sentence, see Hibbert v. Poole, 415 F. Supp. 2d 225 (W.D.N.Y. 2006), he was subsequently resentenced in 2011 pursuant to New York Penal Law § 70.85[.]" Id. The Second Circuit accordingly found that "Petitioner's proposed § 2254 petition is not successive." Id. (citing Magwood v. Patterson, 561 U.S. 332, 341-42 (2010) ("[W]here . . . there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not second or successive at all.") (internal quotation marks omitted)).

Based on the Second Circuit's July 1, 2014 order, Petitioner filed the instant Section 2254 petition challenging the judgment of

-4-

resentencing on July 16, 2014 (Dkt #1).[2] Petitioner asserts the following grounds for relief: (i) P.L. § 70.85 violates the Ex Post Facto clause of the United States Constitution; and (ii) a mandatory period of PRS violates the Due Process Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment. Respondent answered the petition, asserting the affirmative defense of procedural default as to Petitioner's claims. Respondent also argues that the claims lack merit. Petitioner filed a reply.

For the reasons discussed below, the Court denies Petitioner's request for a writ of habeas corpus and dismisses the petition.

**III. General Legal Principles Applicable on Habeas Review**

"It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002) (citation omitted); see also 28 U.S.C. §§ 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

---

[2] When the Clerk of Court received the Second Circuit's mandate on August 28, 2014, it was docketed in the closed 2003 habeas proceeding. The 2003 proceeding was reopened, but this was unnecessary since Petitioner had filed the instant proceeding challenging the judgment of resentencing; Petitioner was not seeking to re-open and amend his 2003 petition to add the claims regarding re-sentencing. Accordingly, the 2003 proceeding may be re-closed, as set forth further below.

federal habeas court to reexamine state-court determinations on state-law questions.").

The Supreme Court has held that federal courts shall "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." Id. (citations omitted). An adequate and independent finding of procedural default precludes federal habeas review of the federal claim, unless the habeas petitioner can show "cause" for the default and "prejudice" attributable thereto, Murray v. Carrier, 477 U.S. 478, 485 (1986), or demonstrate that the failure to consider the federal claim on habeas will result in a "'fundamental miscarriage of justice,'" id. at 495 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)).

**IV. Discussion**

    **A. Unconstitutionality of N.Y. Penal Law § 70.85**

Petitioner contends that P.L. § 70.85 violates the due process clause and the Ex Post Facto clause of the Constitution. P.L. § 70.85 states in relevant part as follows:

> This section shall apply only to cases in which a determinate sentence . . . was required by law to include a term of post-release supervision, but the court did not explicitly state such a term when pronouncing sentence. When such a case is again before the court pursuant to section six hundred one-d of the correction law or

> otherwise, for consideration of whether to resentence, the court may, notwithstanding any other provision of law but only on consent of the district attorney, re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision, which then shall be deemed a lawful sentence.

N.Y. PENAL LAW § 70.85.

On direct appeal, the Fourth Department held that Petitioner had failed to preserve for review his contention that P.L. § 70.85 is unconstitutional. People v. Hibbert, 114 A.D.3d at 1134 (citing N.Y. CRIM. PROC. LAW § 470.05(2)). The Fourth Department also found that the constitutional claim was not properly before it "because [Petitioner] failed to provide notice to the Attorney General of his challenge to the constitutionality of the statute[.]" Id. (citing N.Y. CIV. PRAC. LAW & R. § 1012(b); N.Y. EXEC. LAW § 71(3); other citation omitted)). "[N]evertheless[,]" the Fourth Department noted, the New York Court of Appeals has "determined that '[N.Y. Penal Law] section 70.85 is a constitutionally permissible legislative remedy for the defectiveness of the plea[.]'" Id. (quoting People v. Pignataro, 22 N.Y.3d 381, 387 (2013)).[3]

---

[3] In Pignataro, the defendant challenged his resentencing under N.Y. Penal Law § 70.85, claiming the statute is unconstitutional because it deprives him of his right to vacate his guilty plea. The Court of Appeals found that Section 70.85 "is a constitutionally permissible legislative remedy for the defectiveness of the plea. Defendant's plea was knowing and voluntary because the legislature has changed the sentencing laws governing pleas vulnerable to a Catu challenge. Section 70.85 ensures that defendant, who is no longer subject to PRS, pleaded guilty with the requisite awareness of the direct consequences of his plea." Pignataro, 22 N.Y.3d at

Respondent argues that the Fourth Department relied on two adequate and independent state grounds for its holding, namely, the contemporaneous objection rule codified at N.Y. Criminal Procedure Law ("C.P.L.") § 470.05(2), and the notice rule codified at, inter alia, N.Y. Executive Law ("Exec. Law") § 71(3). Therefore, Respondent argues, Plaintiff's claim is procedurally defaulted. See Coleman, 501 U.S. at 729-30 (stating that the adequate and independent state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement") (citing inter alia, Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977)).

The Court turns first to the Fourth Department's reliance on the New York state rule requiring notice to the Attorney General's Office of a party's challenge to the constitutionality of a state statute. The Court finds that this rule was an "independent" ground for the Fourth Department's ruling, even though the court ruled in the alternative on the claim's merits. See, e.g., Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) ("There is no question that the Appellate Division's explicit invocation of the procedural bar constitutes an 'independent' state ground, even though the court spoke to the merits of Garcia's claim in an alternative holding[.]") (internal and other citations omitted).

---

387.

The adequacy of a state procedural bar is itself a federal question, Lee v. Kemna, 534 U.S. 362, 375 (2002), and thus the habeas court "must ascertain whether the state rule at issue . . . is firmly established and regularly followed, and further whether application of that rule in th[e] [particular] case would be exorbitant." Garvey v. Duncan, 485 F.3d 709, 714 (2d Cir. 2007). This requires the habeas court to examine the procedural bar in question and the state case law construing it. Id. (citation omitted). As a matter of New York state law, e.g., N.Y. Civil Practice Law & Rules ("C.P.L.R.") § 1012(b), "[w]hen the constitutionality of a statute of the state . . . is involved in an action to which the state is not a party, the attorney-general, shall be notified and permitted to intervene in support of its constitutionality." N.Y. CIV. PRAC. LAW & R. § 1012(b). Similarly, N.Y. Exec. Law § 71(3) states in relevant part that "[t]he court having jurisdiction in an action or proceeding in which the constitutionality of a statute . . . is challenged, shall not consider any challenge to the constitutionality of such statute . . . unless proof of service of the notice required by this section or required by subdivision (b) of section one thousand twelve of the civil practice law and rules is filed with such court." N.Y. EXEC. LAW § 71(3). Based upon the Court's review, the New York state

caselaw[4] interpreting this notice rule "displays consistent application in a context similar to" Petitioner's case. Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007). Therefore, the Court concludes that the notice rule "is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine." Id. Because the Court has found that the notice rule codified at C.P.L.R. § 1012(b) and Exec. Law § 71(3) is an adequate and independent state ground for the Fourth Department's ruling dismissing Petitioner's constitutional challenges to P.L. § 70.85, the Court need not consider the adequacy and independence of C.P.L. § 470.05(2) in this instance.

The Fourth Department's reliance on an adequate and independent state ground creates a procedural bar to federal habeas review of Petitioner's Ex Post Facto and due process attacks on P.L. § 70.85 unless he can demonstrate cause and prejudice, or that he is actually, i.e., factually, innocent. See, e.g., Murray v. Carrier, 477 U.S. 478, 485 (1986). As cause for the default,

---

[4]

See, e.g., People v. Mills, 117 A.D.3d 1555, 1556 (4th Dep't 2014) ("[D]efendant's contention that Penal Law § 70.85 is an unconstitutional ex post facto law is not properly before us inasmuch as he failed to notify the Attorney General that he would be raising that contention[.]") (citations omitted); People v. Beaty, 128 A.D.3d 1391, 1392 (4th Dep't 2015) (same) (citing People v. Williams, 82 A.D.2d 1576, 1577 (4th Dep't 2011)); People v. Whitehead, 46 A.D.3d 715, 715 (2d Dep't 2007) (defendant's constitutional challenge to section of criminal procedure law was "not properly before this court due to the defendant's failure to notify the Attorney General that he was challenging the constitutionality of a state statute") (citing N.Y. CIV. PRAC. LAW & R. § 1012(b)(1), (3)).

Petitioner has asserted that all of the attorneys who represented him in state court have been ineffective. See Reply (Dkt #9), pp. 14-15. Interpreting these allegations liberally, Petitioner suggests that the attorney who represented him in connection with resentencing was ineffective in failing to provide the required notice to the Attorney General's Office or otherwise preserve Petitioner's constitutional claim to P.L. § 70.85. Although ineffective assistance of counsel may constitute cause for a petitioner's failure to pursue a constitutional claim, e.g., Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000), it also must rise to the level of a constitutional violation, see id. (stating that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" (emphases in original). Furthermore, the ineffective assistance claim sought to be used as "cause" must itself be exhausted and not procedurally defaulted. See Murray, 477 U.S. at 488-89 (stating that the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (citation omitted). Petitioner has not alleged or demonstrated that he has an exhausted, meritorious claim of ineffective assistance of counsel sufficient to constitute "cause" for the procedural default of his P.L. § 70.85 claim.

Moreover, Petitioner has not demonstrated that he suffered actual prejudice as the result of the state courts' application of P.L. § 70.85 to his case. First, he did not personally sustain an ex post facto violation. "A penal law violates the ex post facto clause of the constitution if it disadvantages an offender for an act he committed before the law was enacted." Shields v. Henderson, No. CV-85-1251, 1987 WL 13213, at *1 (E.D.N.Y. June 23, 1987) (citing Weaver v. Graham, 450 U.S. 24, 29 (1981)). The application of P.L. § 70.85 did not disadvantage Petitioner because he was resentenced to the same term of imprisonment, without a term of post-release supervision. Second, Petitioner cannot show that his due process rights were compromised because the Supreme Court "has never held that a mandatory period of post-release supervision is a direct consequence of a guilty plea so as to implicate a defendant's due process right to enter a knowing and voluntary plea of guilty." Williams v. Conway, No. 07-CV-756(Sr), 2011 WL 5326264, at *4 (W.D.N.Y. Nov. 4, 2011) (citing, inter alia, Pignataro v. Poole, No. 09-1396, 381 F. App'x 4, 2010 WL 2501009, at *2 (2d Cir. June 18, 2010) (post-release supervision was "not definite, immediate and largely automatic" so as to be considered a direct consequence of plea "because it was subject to change[,]" including resentencing by the trial court); Lockhart v. Chandler, 446 F.3d 721, 724 (7th Cir. 2006) ("There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of

[mandatory supervised release] at the time he attempts to enter a plea of guilty.")). As noted above, Petitioner never has been subjected to any period of post-release supervision. Petitioner thus cannot overcome the procedural default by showing cause and prejudice.

Petitioner has not argued that he is actually innocent of the crimes to which he pled guilty, and therefore he cannot demonstrate that his case falls into the narrow fundamental miscarriage of justice exception. See McCleskey v. Zant, 499 U.S. 467, 502 (1991) (declining to find fundamental miscarriage of justice; petitioner "cannot demonstrate that the alleged [constitutional] violation caused the conviction of an innocent person") (citation omitted). Petitioner's constitutional claims regarding P.L. § 70.85 are subject to an unexcused procedural default, and are dismissed on that basis.

**V. Conclusion**

For the reasons stated above, Everton Hibbert's request for writ of habeas corpus is denied. The Petition (Dkt. #1) is dismissed with prejudice. Because Petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

The Clerk of the Court is directed to close this case. The Clerk of the Court is further directed to re-close <u>Hibbert v. Poole</u>, No. 03-CV-6050 (W.D.N.Y.).

**SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: August 24, 2015
Rochester, New York