UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EVERTON HIBBERT,

                       Petitioner,

-vs-

JOHN LEMPKE, Superintendent of
the Wende Correctional
Facility,

                       Respondent.

**DECISION AND ORDER**
**No. 6:14-cv-06424-MAT**

---

**I.  Introduction**

On August 24, 2015, this Court issued a Decision and Order (Dkt #12) denying the request for a writ of habeas corpus by Everton Hibbert ("Petitioner"). The Court dismissed the habeas petition with prejudice and denied a certificate of appealability. Judgment was entered on August 25, 2015 (Dkt #13).

On September 15, 2015, Petitioner filed his Notice of Appeal to the Second Circuit (Dkt #14) of this Court's Judgment. On December 9, 2015,[1] Petitioner filed a Motion for Relieving Final Judgment (Dkt #16), seeking to have this Court vacate its judgment pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure.

---

[1] Pursuant to the prison mailbox rule, see Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001), the Court considers the dates of filing to be the dates that Petitioner signed the respective pleadings.

**II. Discussion**

While the Federal Rules of Civil Procedure do permit the district court to "relieve a party . . . from a final judgment[,]" FED. R. CIV. P. 60(b), the Second Circuit "has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)) (quoting Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962)). Here, Petitioner filed his Notice of Appeal to the Second Circuit prior to filing his motion for relief from judgment under Rule 60(b), thereby divesting this Court of jurisdiction to hear his Rule 60(b) motion. See Contemporary Mission Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981) (district court properly denied plaintiff's Rule 60(b) post-judgment motion where prior to filing that motion, plaintiff had filed a notice of appeal; panel reasoned that "[t]he filing of the notice of appeal divested the district court of jurisdiction to entertain the motion[]") (citation omitted). Therefore, this Court denies Petitioner's request for Rule 60(b) relief and denies his motion with prejudice.

**III. Conclusion**

For the foregoing reasons, Petitioner's Motion for Relieving Final Judgment (Dkt #16) is denied with prejudice. Because Petitioner has failed to make a substantial showing of the denial

of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

                                            S/Michael A. Telesca
                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

Dated:    December 17, 2015
           Rochester, New York